```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF CONNECTICUT

RAMON SANTIAGO,                   :
     Petitioner,                  :
                                  :    Crim. No. 3:97CR51 (AHN)
v.                                :    Civ. No. 3:03CV198 (AHN)
                                  :
UNITED STATES OF AMERICA,         :
     Respondent.                  :
```

### RULING ON PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2255

Petitioner Ramon Santiago ("Santiago") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2255, requesting that his October 27, 1998, sentence be vacated, set aside, and/or corrected. Santiago pleaded guilty to unlawful possession of a firearm, in violation of Title 18 U.S.C. §§ 922(g) and 924(e). He was sentenced to the statutory minimum term of imprisonment of fifteen years. See 18 U.S.C. § 924(e). He now challenges his sentence on the basis of ineffective assistance of trial counsel. As set forth below, his petition [dkt. # 171] is denied.

### BACKGROUND

Santiago was a member of a Connecticut narcotics racketeering enterprise known as the "Latin Kings." On January 20, 1997, he was apprehended by Bridgeport police officers when a narcotics transaction that he was involved in turned violent. Police found a semi-automatic firearm and two .25 caliber shells in the nearby vicinity.

Santiago was indicted following his arrest and pleaded guilty to being a convicted felon in possession of a firearm. As

stipulated in the plea agreement, the felon in possession offense carried a mandatory minimum sentence of fifteen years based on the fact that Santiago had at least three prior convictions involving a crime of violence or drug trafficking offense.[1]  In exchange, the government agreed to dismiss other charges of the indictment, including an offense under the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962.  Santiago's conviction was affirmed on direct appeal. See United States v. Santiago, 268 F.3d 151 (2d Cir. 2001).

## DISCUSSION

Santiago now seeks to correct and/or vacate his sentence on the basis of ineffective assistance of trial counsel.  In particular, Santiago claims that counsel was ineffective for (1) advising him to plead guilty; (2) failing to object to the court's use of three prior convictions to enhance his sentence; and (3) failing to object to the government's alleged modification of the indictment.  The government counters that Santiago fails to show that counsel was ineffective on those bases.  The court agrees.

---

[1] The plea agreement states, in pertinent part, that "Ramon Santiago agrees to plead guilty to . . . unlawful possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(e) [and] . . . [t]his offense carries a mandatory minimum term of imprisonment of fifteen years based on the fact that the defendant has at least three prior convictions involving a crime of violence or a drug trafficking offense as enumerated in . . . Section 924(e)."

Under Strickland v. Washington, 466 U.S. 668, 687 (1984), a habeas petitioner claiming ineffective assistance of counsel must make a two-part showing.  First, the petitioner must demonstrate that counsel's performance was deficient -- that is, errors were made of such serious magnitude that petitioner was deprived of the counsel guaranteed by the Sixth Amendment.  See id.  Second, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the result would have been different.  See id. at 694.

In this case, Santiago is not entitled to habeas relief because he fails to demonstrate, with regard to any of the grounds that he asserts, both that trial counsel acted deficiently and that he suffered prejudice as a result.  In particular, Santiago does not demonstrate that trial counsel was deficient for advising him to plead guilty to unlawful possession of a firearm.  There is nothing in the record from which the court can conclude that it was objectively unreasonable for counsel to advise Santiago to plead guilty to the unlawful possession of a firearm in order to avoid trial and possible conviction on that offense as well as on the RICO charge which, if convicted, would have exposed him to a much lengthier sentence.  Indeed, because Santiago pleaded guilty to just the firearm count, the government agreed to dismiss the other counts of the indictment, including the RICO charge.  Moreover, even if the court were to find that trial counsel was deficient for

advising Santiago to plead guilty, Santiago does not demonstrate that "he would not have pleaded guilty and would have insisted on going to trial," United States v. Couto, 311 F.3d 179, 188 (2d Cir. 2002), much less that he would have received a lesser sentence had he done so.

Equally unavailing is Santiago's contention that he was denied effective assistance due to trial counsel's failure to object to the court's use of three prior convictions to enhance his sentence under § 924(e)'s mandatory minimum provision. Pursuant to the terms of the plea agreement, Santiago agreed to plead guilty to the firearms offense, under §§ 922(g) and 922(e), knowing that he would be subjected to a mandatory minimum sentence of fifteen years based on his three prior convictions involving a crime of violence or drug trafficking offense. Nonetheless, Santiago now argues that counsel should have objected to the court's use of the three prior convictions on the ground that they were related and thus were not a proper basis for triggering the enhanced fifteen year minimum sentence under § 924(e).  Santiago's only support for this argument is that, because the three prior convictions were also charged as predicate racketeering acts, they necessarily constituted one criminal act.  However, contrary to Santiago's argument, under the then-existing sentencing regime, each prior conviction constituted a separate and distinct criminal episode "unless there was a close factual nexus between . . . convictions."

4

United States v. Mortimer, 52 F.3d 429, 435 (2d Cir. 1995). Santiago does not show that there was any "factual nexus" between the three prior convictions at issue apart from the fact that they were also charged as racketeering acts. Without the required factual showing, the sentencing court could not have found that the convictions were related merely because they were all charged as RICO predicate offenses.[2] Thus, it was reasonable for trial counsel not to object on this basis at sentencing. See, e.g., id. (affirming two prior convictions were separate occurrences even though the sentences on those convictions ran concurrently); United States v. Starks, 40 F.3d 1325, 1345 (1st Cir. 1994) (finding three prior armed robbery convictions were separate occurrences because they occurred at different places, with different weapons, and at different times over a five-month period) (citing cases). Accordingly, because Santiago does not

---

[2] The logical defect of Santiago's argument – that his three prior convictions constitute one criminal occurrence merely because the government also charged the same convictions as RICO predicate acts – is further underscored by the fact that a conviction under RICO requires proof of separate criminal acts. See 18 U.S.C. § 1961(1) (defining "racketeering activity" as "any act or threat involving murder, kidnapping, gambling, arson, robbery [etc.] . . . which is chargeable under State law and punishable by imprisonment for more than one year") & § 1961(5) (defining "pattern of racketeering" as "at least two acts of racketeering activity . . . the last of which occurred within ten years . . . after the commission of a prior act of racketeering activity").

show that there was any legal merit to the objection he claims his trial counsel should have raised at sentencing, he cannot now demonstrate either that his trial counsel was deficient for failing to raise that objection, see, e.g., United States v. Kirsh, 54 F.3d 1062, 1071 (2d Cir. 1995) (reasoning that the failure to raise meritless claims does not constitute ineffective assistance of counsel), or that, even if raised, the court would have found that the prior convictions could not be used to impose the statutory minimum sentence under § 924(e).

Finally, Santiago's claim for habeas relief fails to the extent he argues that trial counsel was ineffective for not objecting to the government's alleged modification of the indictment.  Santiago argues that even though the indictment only charged a violation of §§ 922(g)(1) and 924(a)(2), as to the unlawful possession count that he pleaded guilty to, the plea agreement provided for a sentencing enhancement that triggered a minimum fifteen-year sentence under § 924(e).  Santiago's claim is baseless.  Under the then-existing sentencing regime, the court was permitted to consider certain sentencing factors, including prior convictions, even though they were not included in the indictment.  Indeed, in Santiago's direct appeal the Second Circuit held that § 924(e) is a "sentencing factor to be considered by the judge, not a separate element or offense requiring a jury determination."  See Santiago, 268 F.3d at 154 (citing United States v. Baldwin, 186 F.3d 99, 101 (2d Cir.

1999)); see also United States v. Burnett, 968 F.2d 278, 280 (2d Cir. 1992) (finding that sentencing judge may include in his sentencing calculation quantities of narcotics that were not charged in the indictment).  Here, § 924(e) was included in the plea agreement to memorialize the specific sentencing factors that the parties agreed the court would consider at sentencing.  Because the terms of the agreement are clear and unambiguous, and because Santiago does not claim that he entered into the agreement involuntarily or unknowingly, he cannot now demonstrate that counsel's performance fell below a reasonable standard of competence, see Strickland, 466 U.S. at 687-88, merely by virtue of the fact that counsel did not object to a term of the plea agreement that already had been agreed upon by all parties, including Santiago.  See United States v. Cimino, 381 F.3d 124, 127 (2d Cir. 2004) ("plea agreements are subject to contract law principles").  Put another way, it was reasonable for counsel not to object to a term of the plea agreement that did not violate any of Santiago's rights and which Santiago had not personally objected to.  Santiago's ineffective assistance claim therefore fails on this ground as well.[3]

---

[3] The court construes Santiago's petition for relief on the issue of the § 924(e) enhancement as limited to the context of ineffective assistance of trial counsel and does not consider whether, as a substantive matter, the court was constrained from imposing the minimum fifteen-year sentence under § 924(e) even though the indictment only referenced § 924(a)(2).  However, even if the court were to construe his petition as raising that claim, Santiago still would not be entitled to relief.  Putting aside

7

CONCLUSION

For the foregoing reasons, Santiago's petition for a writ of habeas corpus [dkt. # 171] is DENIED.  Because petitioner fails to make a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue.  See 28 U.S.C. § 2253(a)(2).

So ordered this ___ day of July, 2005, at Bridgeport, Connecticut.

                                Alan H. Nevas
                                United States District Judge

---

the likelihood that Santiago would be procedurally barred from raising the issue on collateral review (indeed, on direct appeal the Second Circuit noted Santiago's failure to raise this very claim, see Santiago, 268 F.3d at 153 n.3), that claim would fail because, under the then-existing sentencing regime, a court could consider certain factors that were not alleged in an indictment for purposes of sentencing.  See id. at 154 (stating that § 924(e) is a "sentencing factor to be considered by the judge, not a separate element or offense requiring a jury determination") (citing United States v. Baldwin, 186 F.3d 99, 101 (2d Cir. 1999)).